1   BEVIN ALLEN PIKE (SBN 221936)
    Bevin.Pike@capstonelawyers.com
2   ORLANDO VILLALBA (SBN 232165)
    Orlando.Villalba@capstonelawyers.com
3   JOSEPH HAKAKIAN (SBN 323011)
    Joseph.Hakakian@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone: (310) 556-4811
6   Facsimile:  (310) 943-0396

7   Attorneys for Plaintiff Rogelio Castro

8   CARLOS JIMENEZ, Bar No. 227534
    cajimenez@littler.com
9   LITTLER MENDELSON, P.C.
    633 West 5th Street
10  63rd Floor
    Los Angeles, CA  90071
11  Telephone: 213.443.4300
    Facsimile:  213.443.4299

12
    *Additional Counsel of Record Continued on*
13  *Following Page*

14

15                    UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17   ROGELIO CASTRO, individually, and        Case No.  2:20-cv-02110- PA-(MRWx)
     on behalf of other members of the
18   general public similarly situated,       **ASSIGNED TO HONORABLE JUDGE
                                              PERCY ANDERSON**
19                  Plaintiff,
                                              [DISCOVERY DOCUMENT:
20   v.                                       REFERRED TO MAGISTRATE JUDGE
                                              MICHAEL R. WILNER]
21   PPG INDUSTRIES, INC., a
22   Pennsylvania corporation;                **STIPULATED PROTECTIVE ORDER**
     SIERRACIN/SYLMAR
23   CORPORATION, a California
     corporation; SIERRACIN                   ☒ Check if submitted without material
24   CORPORATION, a Delaware                  modifications to MRW form
     corporation; and DOES  1 through 10,
25   inclusive,

26                  Defendants.

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE                          Case No.  2:20-cv-02110- PA-
ORDERORDER                                                         (MRWx)

1    MAGGY M. ATHANASIOUS, SBN 252137
     mathanasious@littler.com
2    LITTLER MENDELSON, P.C.
     2049 Century Park East, 5th Floor
3    Los Angeles, CA 90067
     Telephone: 310.553.0308
4    Facsimile: 310.553.5583

5    LINDA N. BOLLINGER, Bar No. 289515
     lbollinger@littler.com
6    LITTLER MENDELSON, P.C.
     50 W. San Fernando, 7th Floor
7    San Jose, CA 95113.2303
     Telephone: 408.998.4150
8    Facsimile: 408.288.5686

9    Attorneys for Defendants
     PPG INDUSTRIES INC., SIERRACIN/SYLMAR
10   CORPORATION, and SIERRACIN
     CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE          2.          Case No.  2:20-cv-02110- PA-
ORDER                                                   (MRWx)

1. **INTRODUCTION**

    1.1   **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2   **GOOD CAUSE STATEMENT**

    This is a putative class action involving third party putative class members' private and confidential personal and employment information, including but not limited to, putative class members' names, addresses, telephone numbers, social security numbers, personal identifiable information, dates of employment, job titles, employment personnel files, timekeeping data, payroll data, financial information, and other private and confidential information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

    Such confidential and private information is otherwise generally unavailable to the public and/or is privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Disclosure of the foregoing confidential information to the public without proper protection will result

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER     3.     Case No. 2:20-cv-02110- PA-(MRWx)

in serious violation of privacy of third parties and may lead to misuse of such information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

    2.1    <u>Action</u>: *Rogelio Castro, individually, and on behalf of other members of the general public similarly situated, v. PPG INDUSTRIES, INC.; SIERRACIN/SYLMAR CORPORATION; and SIERRACIN CORPORATION,* Case No. 2:20-cv-02110- PA-(MRWx)

    2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER

4.

Case No.  2:20-cv-02110- PA-(MRWx)

2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   "<u>Employee Information</u>": all information that is provided by Defendants to Plaintiff's Counsel that identifies or can be used to identify a particular individual, including without limitation, names, addresses, phone numbers, email addresses, employee numbers, and social security numbers.  Unless otherwise designated as "Confidential," Employee Information does not include information provided by Defendants regarding Plaintiff Rogelio Castro.

2.8   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER

5.

Case No.  2:20-cv-02110- PA-(MRWx)

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER

6.

Case No.  2:20-cv-02110- PA-(MRWx)

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles CA  90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

7.

Case No.  2:20-cv-02110- PA-
(MRWx)

1  Party also must clearly identify the protected portion(s) (e.g., by making appropriate
2  markings in the margins).

3         A Party or Non-Party that makes original documents available for
4  inspection need not designate them for protection until after the inspecting Party has
5  indicated which documents it would like copied and produced. During the inspection
6  and before the designation, all of the material made available for inspection will be
7  deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents
8  it wants copied and produced, the Producing Party must determine which documents,
9  or portions thereof, qualify for protection under this Order. Then, before producing the
10 specified documents, the Producing Party must affix the "CONFIDENTIAL legend"
11 to each page that contains Protected Material.  If only a portion or portions of the
12 material on a page qualifies for protection, the Producing Party also must clearly
13 identify the protected portion(s) (e.g., by making appropriate markings in the
14 margins).

15     (b)  for testimony given in depositions that the Designating Party identify the
16 Disclosure or Discovery Material on the record, before the close of the deposition all
17 protected testimony.

18     (c)  for information produced in some form other than documentary and for any
19 other tangible items, that the Producing Party affix in a prominent place on the
20 exterior of the container or containers in which the information  is stored the legend
21 "CONFIDENTIAL."  If only a portion or portions of the information warrants
22 protection, the Producing Party, to the extent practicable, will identify the protected
23 portion(s).

24     5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
25 failure to designate qualified information or items does not, standing alone, waive the
26 Designating Party's right to secure protection under this Order for such material.
27 Upon timely correction of a designation, the Receiving Party must make reasonable
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

8.

Case No.  2:20-cv-02110- PA-
(MRWx)

1  efforts to assure that the material is treated in accordance with the provisions of this
2  Order.

3

4  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5        6.1    Timing of Challenges.   Any Party or Non-Party may challenge a
6  designation of confidentiality at any time that is consistent with the Court's
7  Scheduling Order.

8        6.2    Meet and Confer.   The Challenging Party will initiate the dispute
9  resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1
10  et seq. Any challenge submitted to the Court shall be via a joint stipulation pursuant to
11  Local Rule 37-2.

12       6.3    The burden of persuasion in any such challenge proceeding will be on the
13  Designating Party.  Frivolous challenges, and those made for an improper purpose
14  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
15  expose the Challenging Party to sanctions.  Unless the Designating Party has waived
16  or withdrawn the confidentiality designation, all parties will continue to afford the
17  material in question the level of protection to which it is entitled under the Producing
18  Party's designation until the Court rules on the challenge.

19

20  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

21       7.1    Basic Principles. A Receiving Party may use Protected Material that is
22  disclosed or produced by another Party or by a Non-Party in connection with this
23  Action only for prosecuting, defending, or attempting to settle this Action.  Such
24  Protected Material may be disclosed only to the categories of persons and under the
25  conditions described in this Order. When the Action has been terminated, a Receiving
26  Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

9.

Case No.  2:20-cv-02110- PA-
(MRWx)

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons

3    authorized under this Order.

4    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

5    otherwise ordered by the court or permitted in writing by the Designating Party, a

6    Receiving Party may disclose any information or item designated "CONFIDENTIAL"

7    only to:

8    (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

9    as employees of said Outside Counsel of Record to whom it is reasonably necessary to

10   disclose the information for this Action;

11   (b)  the officers, directors, and employees (including House Counsel) of the

12   Receiving Party to whom disclosure is reasonably necessary for this Action;

13   (c)   Experts (as defined in this Order) of the Receiving Party to whom

14   disclosure is reasonably necessary for this Action and who have signed the

15   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16   (d)  the Court and its personnel;

17   (e)  court reporters and their staff;

18   (f)   professional jury or trial consultants, mock jurors, and Professional

19   Vendors to whom disclosure is reasonably necessary for this Action and who have

20   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21   (g)  the author or recipient of a document containing the information or a

22   custodian or other person who otherwise possessed or knew the information;

23   (h)   during their depositions, witnesses, and attorneys for witnesses, in the

24   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

25   requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

26   not be permitted to keep any confidential information unless they sign the

27   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

28   by the Designating Party or ordered by the court.  Pages of transcribed deposition

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

10.

Case No.  2:20-cv-02110- PA-
(MRWx)

testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Protection and Use of Employee Information.

(a) At all times, Plaintiff's Counsel have, and will maintain for as long as they access, process, store or transmit Employee Information, a comprehensive, written information security program that complies with applicable law and industry best practices.  The security program will apply to all locations, systems, devices and equipment used by Plaintiff or Plaintiff's Counsel to access, process, store, or transmit Employee Information ("Plaintiff's Counsel's Systems"), and it will include physical, administrative, and technical security controls that prevent unauthorized access to, disclosure of, loss of, or use of the Plaintiff's Counsel's Systems and the Employee Information that those Plaintiff's Counsel's Systems process, store, or transmit. In the event that Plaintiff or Plaintiff's Counsel suspect that any Plaintiff's Counsel's Systems or Employee Information that the Plaintiff's Counsel's Systems, the Plaintiff or the Plaintiff's Counsel processes, stores, or transmits is subject to any suspected or actual unauthorized access, use, or disclosure, Plaintiff's Counsel will immediately notify Defense Counsel, Littler Mendelson, P.C., c/o Carlos Jimenez, Maggy Athanasious, and Linda Nguyen Bollinger, by telephone and e-mail.  Plaintiff and Plaintiff's Counsel shall use Employee Information only to the extent necessary in this lawsuit, shall securely delete Employee Information upon conclusion of the Proceeding or as required by law, and shall not disclose Employee Information to any third party, including to Plaintiff.  Plaintiff's Counsel will also be responsible for ensuring that any vendors, subcontractors or third parties retained by Plaintiff or Plaintiff's Counsel that have access to any Employee Information have security programs that meet the same requirements as set forth in this paragraph.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE ORDER

11.

Case No.  2:20-cv-02110- PA-(MRWx)

(b)  To further ensure that Employee Information is adequately protected, the Parties agree to follow the notice process sanctioned by the Federal District Court in *York v. Starbucks Corp.*, 2009 U.S. Dist. LEXIS 92274, 2009 WL 3177605 (C.D. Cal. June 30, 2009).  The Parties agree that, at the outset of Plaintiff's Counsel's (or their designees') first contact with each current or former employee whose contact information is provided by Defendants through discovery in this litigation, Plaintiff's Counsel (or their designees) will inform each contacted individual that (a) the decision whether to talk with Plaintiff's Counsel is voluntary and the individual has the right not to talk with Plaintiff's Counsel (or their designees) and (b) that, if he or she elects not to talk to Plaintiff's Counsel (or their designees), Plaintiff's Counsel (or their designees) will terminate the contact and not contact them again.

Plaintiff's Counsel (or their designees) will also inform each individual that his or her refusal to speak with counsel will not prejudice his or her rights in any way.

Plaintiff's Counsel (or their designees) will keep a list of all individuals contacted and all individuals who make it known that they do not want to be contacted and preserve that list for the Court.  In addition, Plaintiff's Counsel agrees that Employee Information will be used only for purposes of this Proceeding and will not be disseminated to anyone not necessary to the prosecution of this case.  Additionally, Employee Information cannot be used to solicit informal discovery or file separate actions that are based on the same facts as the instant Action.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE
ORDER                                      12.                      Case No.  2:20-cv-02110- PA-
(MRWx)

1    (b)  promptly notify in writing the party who caused the subpoena or order to

2    issue in the other litigation that some or all of the material covered by the subpoena or

3    order is subject to this Protective Order.  Such notification will include a copy of this

4    Stipulated Protective Order; and

5    (c)  cooperate with respect to all reasonable procedures sought to be pursued

6    by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with

8    the subpoena or court order will not produce any information designated in this action

9    as "CONFIDENTIAL" before a determination by the court from which the subpoena

10   or order issued, unless the Party has obtained the Designating Party's permission.  The

11   Designating Party will bear the burden and expense of seeking protection in that court

12   of its confidential material and nothing in these provisions should be construed as

13   authorizing or encouraging a Receiving Party in this Action to disobey a lawful

14   directive from another court.

15

16   9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED</u>

17   <u>IN THIS LITIGATION</u>

18   (a)  The terms of this Order are applicable to information produced by a

19   Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

20   produced by Non-Parties in connection with this litigation is protected by the

21   remedies and relief provided by this Order.  Nothing in these provisions should be

22   construed as prohibiting a Non-Party from seeking additional protections.

23   (b)  In the event that a Party is required, by a valid discovery request, to

24   produce a Non-Party's confidential information in its possession, and the Party is

25   subject to an agreement with the Non-Party not to produce the Non-Party's

26   confidential information, then the Party will:

27   ///

28   ///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

13.

Case No.  2:20-cv-02110- PA-
(MRWx)

1        (1)  promptly notify in writing the Requesting Party and the Non-Party

2  that some or all of the information requested is subject to a confidentiality agreement

3  with a Non-Party;

4        (2)  promptly provide the Non-Party with a copy of the Stipulated

5  Protective Order in this Action, the relevant discovery request(s), and a reasonably

6  specific description of the information requested; and

7        (3)  make the information requested available for inspection by the Non-

8  Party, if requested.

9        (c) If the Non-Party fails to seek a protective order from this court within 14

10  days of receiving the notice and accompanying information, the Receiving Party may

11  produce the Non-Party's confidential information responsive to the discovery request.

12  If the Non-Party timely seeks a protective order, the Receiving Party will not produce

13  any information in its possession or control that is subject to the confidentiality

14  agreement with the Non-Party before a determination by the court.   Absent a court

15  order to the contrary, the Non-Party will bear the burden and expense of seeking

16  protection in this court of its Protected Material.

17

18  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

20  Protected Material to any person or in any circumstance not authorized under this

21  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

22  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

23  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

24  persons to whom unauthorized disclosures were made of all the terms of this Order,

25  and (d) request such person or persons to execute the "Acknowledgment and

26  Agreement to Be Bound" that is attached hereto as Exhibit A.

27  ///

28  ///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

14.

Case No.  2:20-cv-02110- PA-
(MRWx)

1  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
2  PROTECTED MATERIAL

3        When a Producing Party gives notice to Receiving Parties that certain
4  inadvertently produced material is subject to a claim of privilege or other protection,
5  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
6  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure
7  may be established in an e-discovery order that provides for production without prior
8  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
9  parties reach an agreement on the effect of disclosure of a communication or
10 information covered by the attorney-client privilege or work product protection, the
11 parties may incorporate their agreement in the stipulated protective order submitted to
12 the court.

13

14 12.   MISCELLANEOUS

15       12.1   Right to Further Relief.  Nothing in this Order abridges the right of any
16 person to seek its modification by the Court in the future.

17       12.2   Right to Assert Other Objections.  By stipulating to the entry of this
18 Protective Order no Party waives any right it otherwise would have to object to
19 disclosing or producing any information or item on any ground not addressed in this
20 Stipulated Protective Order. Similarly, no Party waives any right to object on any
21 ground to use in evidence of any of the material covered by this Protective Order.

22       12.3   Filing Protected Material.  A Party that seeks to file under seal any
23 Protected Material must comply with Civil Local Rule 79-5. Protected Material may
24 only be filed under seal pursuant to a court order authorizing the sealing of the
25 specific Protected Material at issue.  If a Party's request to file Protected Material
26 under seal is denied by the court, then the Receiving Party may file the information in
27 the public record unless otherwise instructed by the court.

28 ///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

15.

Case No.  2:20-cv-02110- PA-
(MRWx)

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///
///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE ORDER

16.

Case No.  2:20-cv-02110- PA-(MRWx)

14.   Any violation of this Order may be punished by appropriate measures including, without limitation, civil or criminal contempt proceedings, monetary or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  July 14, 2020         ___/s/ Orlando Villalba_____
                              Attorneys for Plaintiff

DATED:  July 14, 2020         ___/s/ Carlos Jimenez_____
                              Attorneys for Defendant

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  July 15, 2020         _____
                              HON. MICHAEL R. WILNER
                              United States Magistrate Judge

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

17.

Case No.  2:20-cv-02110- PA-
(MRWx)

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

18.

Case No.  2:20-cv-02110- PA-
(MRWx)

1   4811-3320-9536.3

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STIPULATED PROTECTIVE
ORDER

19.

Case No.  2:20-cv-02110- PA-
(MRWx)