UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Class Certification filed by plaintiff Rogelio Castro ("Plaintiff") (Docket No. 37). Plaintiff seeks to certify a class and five subclasses in this putative class action against defendants PPG Industries, Inc., Sierracin Corporation, and Sierracin/Sylmar Corporation (collectively "Defendants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 31, 2020, is vacated, and the matter taken off calendar.

**I.      Factual and Procedural Background**

Plaintiff worked for Defendants as a Production Operator and Metallic Coatings Technician at their facility in Sylmar, California, from July 2011 through March 2019. Plaintiff commenced this wage and hour class action on January 31, 2020. Defendants, alleging that the Court possesses subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), removed the action to this Court on March 4, 2020. Plaintiff filed a First Amended Complaint ("1st AC") on April 27, 2020. In his Motion for Class Certification, Plaintiff seeks certification of a class consisting of: "All individuals employed by Defendants in California as non-exempt, hourly paid employees who worked at any time from January 31, 2016 through the date of class certification." Plaintiff also seeks certification of five subclasses, which he defines as:

> **Rest Break Subclass**: All Class Members who worked at least one shift of more than 3.5 hours from January 31, 2016 through the date of class certification.
> **Meal Break Subclass**: All non-exempt, hourly paid employees who worked for Defendants in California at any time from January 31,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

> 2016 through the date of class certification, and who worked at least one shift of more than 6 hours.
> **Meal Break Waiver Subclass**: All non-exempt, hourly-paid employees who worked for Defendants in California at any time from January 31, 2016 through the date of class certification and who worked at least one shift between five and six hours or between 10 and 12 hours.
> **Wage Statement Subclass**: All non-exempt, hourly-paid employees who worked for Defendants in California at any time from January 31, 2019 through February 29, 2020 and who received at least one wage statement from Defendants.
> **Derivative Claims Subclass**: Plaintiff's Complaint also includes claims pursuant to Labor Code sections 201, 202, 203, 204, 226, 510, 1174(d), 1194, 1197, 1197.1, 1198, and Business & Professions Code section 17200, et seq. These claims are entirely or partially derivative of the putative class claims at issue in this Motion and should be certified along with them.

(Not. of Mot. at 1:17-2:11.) Defendants oppose certification of the class and subclasses.

## II. Legal Standard

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Califano v. Yamasaki, 442 U.S. 682, 700-701 (1979). To obtain class certification, a plaintiff must satisfy the four requirements of Federal Rule of Civil Procedure 23(a) and the requirements of one of the Rule 23(b) subdivisions. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160 (1982). Essentially, "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349 (2011). Because Rule 23(a) is a conjunctive test, each element must be satisfied for class certification to be proper. See Ewert v. eBay, Inc., CV 07-2198 RMW, 2010 WL 42669259, at *3 (N.D. Cal. Oct. 25, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

Even if a plaintiff meets the requirements of Rule 23(a), the plaintiff must still satisfy of one of the three subdivisions of Rule 23(b). See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 164 (1974). Here, Plaintiff seeks class certification under Rule 23(b)(3), which requires Plaintiff to show that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A district court must conduct a "rigorous analysis" to ensure Rule 23 requirements are satisfied. Zinser, 253 F.3d at 1186. As the Ninth Circuit has explained, this rigorous analysis "does not mean that a district court must conduct a full-blown trial on the merits prior to certification. A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims." Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 581 (9th Cir. 2010) (discussing Falcon, 457 U.S. at 160-61), rev'd on other grounds, 564 U.S. 338 (2011). Thus, while a court at the class certification stage is prohibited from making determinations on the merits that do not overlap with the Rule 23 inquiry, district courts must make determinations that each requirement of Rule 23 is actually met. See id. at 582. Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001).

Although neither the Ninth Circuit nor the Supreme Court has decisively attached a standard of proof to Rule 23's requirements, many courts apply the preponderance of the evidence standard. See, e.g., Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements."); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 307 (3d Cir. 2008) ("Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence."); Mekhitarian v. Deloitte & Touche (ICS), LLC, No. CV 07-412 DSF (MANx), 2009 WL 6057248, at *5 (C.D. Cal. Nov. 3, 2009) ("Because the Court finds that the preponderance standard of Rule 23(b)(3) is not met, it does not decide if all of the Rule 23(a) factors are satisfied."). The Court finds that this is the appropriate burden of proof.

### III. Analysis

In addition to the briefing in support of, and in opposition to, Plaintiff's Motion for Class Certification, the parties have filed evidentiary objections to substantial portions of the evidence relied upon by one another. Most of these objections are boilerplate, and include many

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

relevance objections. Unless otherwise specifically noted, the Court overrules the evidentiary objections for the particular evidence the Court relies upon in this Order.

According to Defendants, the class consists of approximately 469 employees at the Sylmar facility, which is the only facility Defendants operate in California. Those 469 employees work in dozens of manufacturing and production departments and report to numerous supervisors. Defendants contend that working conditions vary from department to department and depend on many factors, including the industrial processes and equipment used in each department.

### A. Class Certification Requirements

The Court will briefly identify the legal standard applicable to the relevant Rule 23(a) and 23(b)(3) requirements for certification before analyzing the applicable factors as they apply to the class and each of the proposed subclasses.

#### 1. Numerosity

A proposed class meets Rule 23(a)'s numerosity requirement where the class "is so numerous that joinder of all members is impracticable." Fed R. Civ. P. 23(a)(1). "No exact numerical cut-off is required; rather, the specific facts of each case must be considered." In re Cooper Cos. Sec. Litig., 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing General Tel. Co. of Northwest, Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980)). Courts have routinely found numerosity where the putative class contains forty or more members. See id. (citing Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)). Defendants do not contend that Plaintiff's proposed class, which consists of approximately 469 employees, fails to satisfy the numerosity requirement. The Court concludes that Plaintiff has satisfied the numerosity requirement as to both the class and subclasses.

#### 2. Commonality

The commonality requirement of Rule 23(a) is met if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]ommonality only requires a single significant question of law or fact." Mazza v. American Honda Motor Co., Inc., 666 F.3d 581, 589 (9th Cir. 2012). Plaintiff must show the putative class members' claims "'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] with one stroke.'" Id. at 588 (citing Wal-Mart, 564 U.S. at 359). "'What matters to class certification . . . is not the raising of common 'questions'—even in

Case 2:20-cv-02110-PA-MRW Document 46 Filed 08/28/20 Page 5 of 12 Page ID #:1575

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.'" Wal-Mart, 564 U.S. at 350 (citation omitted). "'Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.'" Id.

### 3. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotations omitted); see also Wal-Mart, 564 U.S. at 348-49 (citing East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).

### 4. Adequacy of Representation

Rule 23(a) also requires that the representative parties be able to "fairly and adequately protect the interests of the class." Representation is adequate if the named plaintiff (1) does "not have conflicts of interest with the proposed class" and (2) the class is "represented by qualified and competent counsel." Dukes, 603 F.3d at 614.

### 5. Predominance

Under Rule 23(b)(3), the party seeking class certification must show that common questions of law or fact predominate over questions affecting individual members. Fed. R. Civ. P. 23(b)(3). The Rule 23(b)(3) predominance inquiry asks whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953, 957 (9th Cir. 2009). This inquiry focuses on "the relationship between common and individual issues." Id. This standard is "far more demanding" than the commonality requirement under Rule 23(a). Amchen Prods., Inc. v. Windsor, 521 U.S. 591, 623-24 & n.18 (1997).

"Rule 23(b)(3) requires a district court to formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate." Dukes, 603 F.3d at 593 (citation and quotation marks omitted). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Torres v. Nutrisystem, Inc., 289 F.R.D. 587, 594 (C.D. Cal. 2013). However, if a predominant issue in a case requires "the separate adjudication of each class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

members' individual claim or defense, a Rule 23(b)(3) action would be inappropriate." Zinser, 253 F.3d at 1189 (quotations and citation omitted). In this respect, "[t]he commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3)." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).

      **6.**      **Superiority**

The Rule 23(b)(3) superiority inquiry requires determination of "whether the objectives of the particular class action procedure will be achieved in the particular case." Id. at 1023. Notably, the class action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).

      **B.**      **Certification of Plaintiff's Proposed Class and Subclasses**

      **1.**      **Off-the-Clock Class**

Plaintiff seeks to represent a class defined as: "All individuals employed by Defendants in California as non-exempt, hourly paid employees who worked at any time from January 31, 2016 through the date of class certification." In support of certification of the off-the-clock class, Plaintiff contends:

> Defendants engaged in a regular practice of communicating with employees about work-related matters when they were off-the-clock. As Plaintiff testified, he was expected to communicate with his supervisor while off-the-clock about work-related issues—such as any issues he experienced with his machine on a given day and reports of jobs he completed—and Plaintiff did so regularly. Defendants also sought to impose a culture where it was expected that "everybody helped everybody," even if it meant working off-the-clock, but had no mechanism in place to allow employees to seek compensation for off-the-clock work.

(Mot. at 20:25-21:5.) Plaintiff does not dispute that Defendants have an official policy that employees are only supposed to work while on the clock. Additionally, according to declarations submitted by other employees in support of Defendants' Opposition, those employees did not work off-the-clock or feel pressure to do so. Under these circumstances, the Court concludes that establishing liability for the off-the-clock class would require

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

individualized determinations such that Plaintiff has failed to establish by a preponderance of the evidence that he can satisfy, at a minimum, the commonality and predominance requirements for class certification. See Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 1052, 139 Cal. Rptr. 3d 315, 352 (2012) ("Nothing before the trial court demonstrated how this [the off-the-clock claim] could be shown through common proof, in the absence of evidence of a uniform policy or practice. Instead, the trial court was presented with anecdotal evidence of a handful of individual instances in which employees worked off the clock, with or without knowledge or awareness by Brinker supervisors. On a record such as this, where no substantial evidence points to a uniform, companywide policy, proof of off-the-clock liability would have had to continue in an employee-by-employee fashion, demonstrating who worked off the clock, how long they worked, and whether Brinker knew or should have known of their work."); see also Washington v. Joe's Crab Shack, 271 F.R.D. 629, 640 (N.D. Cal. 2010) ("[M]ost of plaintiff's arguments—particularly the arguments regarding the missed meal breaks and the arguments regarding off-the-clock and overtime claims—focus on individualized inquiries."). The Court therefore denies Plaintiff's Motion to the extent he seeks to certify the off-the-clock class.

### 2. Rest Period Subclass

Plaintiff seeks to certify a rest period subclass defined as: "All Class Members who worked at least one shift of more than 3.5 hours from January 31, 2016 through the date of class certification." According to Plaintiff, Defendants "illegally prohibit employees from leaving the premises during rest periods" and "employees were not even permitted to take a rest break in front of the building, under the 'PPG' company sign." (Mot. 9:24-28.) Under the applicable provisions of California law, "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." Augustus v. ABM Sec. Servs., Inc., 2 Cal. 5th 257, 269, 211 Cal. Rptr. 3d 634, 644 (2016); see also id. at 270, 211 Cal. Rptr. 3d at 645 ("[A] rest period means an interval of time free from labor, work, or any other employment-related duties. And employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time."). In concluding that a policy requiring security guards to remain "on call" during their rest period did not relieve the security guards of work duties and constituted employer control over the employees during the rest periods, and therefore violated California's rest period requirements, the California Supreme Court explained:

> Because rest periods are 10 minutes in length . . . , they impose practical limitations on an employee's movement. That is, during a rest period an employee generally can travel at most five minutes

Case 2:20-cv-02110-PA-MRW   Document 46   Filed 08/28/20   Page 8 of 12   Page ID #:1578

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

> from a work post before returning to make it back on time. Thus,
> one would expect that employees will ordinarily have to remain on
> site or nearby. This constraint, which is of course common to all rest
> periods, is not sufficient to establish employer control.

Id.; see also Hubbs v. Big Lots Stores, Inc., CV 15-1601 JAK (ASx), 2018 WL 5624141, at *4-5 (C.D. Cal. Mar. 16, 2018) (analyzing Augustus, collecting cases, and dismissing claim "to the extent it is based on the allegation that Defendants barred employees from leaving the premises during their short rest period").

Despite Defendants' arguments that Plaintiff's rest period claim fails because Defendants' alleged policy of requiring the employees to stay on premises during their rest periods is insufficient to constitute "control" for purposes of California law, those arguments challenge the merits of Plaintiff's rest period claim, not the suitability of the claim to treatment on a class-wide bases. See Stockwell v. City & County of San Francisco, 749 F.3d 1107, 1112 (9th Cir. 2014) ("'Whether class members could actually prevail on the merits of their claims' is not a proper inquiry in determining the preliminary question 'whether common questions exist.'") (quoting Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 n.8 (9th Cir. 2011)). Because the Court will not, at this stage, assess the merits of Plaintiff's rest period claim, and Plaintiff has otherwise met his burden to establish that he has satisfied the Rule 23(a) and 23(b)(3) requirements for this subclass, the Court grants Plaintiff's Motion to the extent he seeks to certify the rest period subclass.[1]

### 3. Meal Break Subclass

Plaintiff seeks to certify a meal break subclass defined as: "All non-exempt, hourly paid employees who worked for Defendants in California at any time from January 31, 2016 through the date of class certification, and who worked at least one shift of more than 6 hours." Plaintiff contends that Defendants' policies and practices require employees to delay their breaks while machines are running and to respond to machine failures and other work-related issues during meal breaks, preventing subclass members from taking timely, uninterrupted and compliant meal breaks, and further require employees to affirmatively request a premium when Defendants fail to provide the employees with meal breaks.

---

[1] Based on the parties' arguments, it appears that the legal merits of the parties' positions concerning the rest period subclass could be tested through a Motion for Summary Judgment without the need for much if any additional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

      According to declarations submitted by several of Defendants' employees, those employees are routinely able to take their meal breaks without interruption or interference and otherwise in compliance with California's legal requirements. To the extent Plaintiff or others felt pressured to skip meal breaks, to determine liability would require an individualized analysis that might vary by department and supervisor. Because liability for a missed meal break depends on this individualized determination, Plaintiff's challenge to Defendants' policy requiring an employee to submit a request for a meal break premium similarly requires an individualized determination. As have many courts before it, this Court concludes that such issues are not amenable to resolution on a class-wide basis because such circumstances fail to satisfy the commonality and predominance requirements for class certification. See Cole v. CRST, Inc., 317 F.R.D. 141, 145-46 (C.D. Cal. Apr. 1, 2016) ("[B]ecause there is evidence in the record of [employees] taking meal and rest breaks without interference from Defendant, individualized inquiries predominate. In order to determine why some [employees] took meal and rest breaks while others did not requires individualized inquiries as to each [employee]."); Washington, 271 F.R.D. at 641("In the absence of any common policy, an individualized inquiry will be required to determine whether any single employee failed to take a meal break because he/she was too busy, and also to determine whether a particular employee signed a waiver based on a decision not to take meal breaks. For this reason alone, common issues do not predominate with regard to the meal break claim."); see also Ayala v. U.S Xpress Enters., EDCV 16-137 GW (KKx), 2016 WL 7586910, at *8 (C.D. Cal. Dec. 22, 2016) (denying class certification on predominance grounds because "the Court would have to conduct individualized inquiries into whether each putative Class Member took meal and rest breaks, and if they did not, the reasons why."). The Court therefore denies Plaintiff's Motion to the extent he seeks to certify the meal break subclass.

      **4.**      **Meal Break Waiver Subclass**

      Plaintiff seeks to certify a meal break waiver subclass consisting of: "All non-exempt, hourly-paid employees who worked for Defendants in California at any time from January 31, 2016 through the date of class certification and who worked at least one shift between five and six hours or between 10 and 12 hours." Plaintiff challenges Defendants' policy of presenting meal break waiver forms to new employees during their orientations. The waivers are voluntary and employees are informed that they are free to rescind them at any time. Plaintiff's theory is that it is unlawful for an employer to obtain a prospective waiver before an employee misses a meal break, and must instead obtain a separate waiver after each denied meal break. Although Plaintiff has cited no case law directly adopting this theory, the questionable legal merit of the claim is not a valid basis to deny class certification. See Stockwell, 749 F.3d at 1112. Nevertheless, it appears undisputed that Plaintiff did not himself ever sign a prospective meal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

break waiver. As a result, his claim is not typical of the subclass he seeks to represent. The Court therefore declines to certify the meal break waiver subclass.

### 5. Wage Statement Subclass

California law requires employers to provide their employees with wage statements that, among other information, show "the name and address of the legal entity that is the employer." Cal. Labor Code § 226(a)(9). Under the California Labor Code, an employee "is deemed to suffer injury . . . if the employer fails to provide accurate and complete information" on the wage statement, including the name and address requirement, if "the employee cannot promptly and easily determine from the wage statement alone . . . [t]he name and address of the employer." Cal. Labor Code § 226(e)(2)(B) & (e)(2)(B)(iii). An employee who suffers an injury for a violation of California Labor Code section 226 "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Labor Code § 226(e)(1).

Plaintiff contends that Defendants are liable for a violation of California Labor Code section 226 because the wage statements they provided through February 29, 2020, listed an address for Sierracin Sylmar Corporation of "One PPG Place, Pittsburgh, PA 15272." Although this appears to be a valid address for Sierracin Sylmar Corporation's corporate parents, and the parent corporation handles human resources and payroll for its California subsidiary from the Pittsburgh address, Plaintiff nevertheless seeks statutory penalties on behalf of the wage statement subclass because the wage statements did not list the address of Defendants' facility in California at which the employees reported for work. Plaintiff defines the wage statement subclass as: "All non-exempt, hourly-paid employees who worked for Defendants in California at any time from January 31, 2019 through February 29, 2020 and who received at least one wage statement from Defendants."

In their Opposition, Defendants assert that whether members of the wage statement subclass suffered injury will require individualized determinations. However, based on how the California Labor Code defines injury, this issue appears to satisfy the requirements for class-wide treatment. Therefore, although the Court has significant doubts that Plaintiff has a meritorious wage statement claim on behalf of the subclass because the Pennsylvania address provided on the wage statements may satisfy a primary purpose of the California Labor Code's address requirement by providing the employees with an appropriate address through which they could communicate issues related to the accuracy of their wage statements and contact their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

employer's human resources and payroll personnel, the Court grants Plaintiff's Motion to the extent he seeks to certify the wage statement subclass.[2/]

### 6. Derivative Claims Subclass

Plaintiff also seeks to certify a "derivative claims" subclass pursuant to Labor Code sections 201, 202, 203, 204, 226, 510, 1174(d), 1194, 1197, 1197.1, 1198, and California Business & Professions Code section 17200. Plaintiff contends that these derivative claims "are entirely or partially derivative of the putative class claims at issue in this Motion and should be certified along with them." Defendants do not dispute that the certification of the derivative claims subclass is dependent upon the certification of the class and subclass. Accordingly, because the Court has concluded that Plaintiff's rest period and wage statement subclasses satisfy the Rule 23(a) and 23(b)(3) requirements for certification, the Court additionally certifies the derivative claims subclass to the extent the rest period and wage statement subclasses govern the derivative claims subclass.

### C. Plaintiff's Ex Parte Application and Request for Extension

Plaintiff filed an Ex Parte Application in which he sought additional time to conduct discovery prior to filing the Motion for Class Certification (Docket No. 35). In his Motion, Plaintiff similarly requests an opportunity to supplement the record in support of his Motion following his receipt of a class list and time and wage data from Defendants. Given the individualized determinations that would be necessary to resolve the off-the-clock class and meal break subclass regardless of the additional information Plaintiff might obtain, the Court concludes that Plaintiff has failed to establish good cause for any delay in the Court's consideration of the Motion for Class Certification. The Court therefore denies the Ex Parte Application and request to supplement.

### Conclusion

For all of the foregoing reasons, the Court denies Plaintiff's Motion for Class Certification to the extent he seeks class certification of an off-the-clock class, meal break subclass, and meal break waiver subclass. The Court concludes, however, that Plaintiff has

---

[2/] Like the legal issue presented by the rest period subclass, the legal issue involved in the wage statement subclass appears likely to be amenable to resolution through an early summary judgment motion without much if any additional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2110 PA (MRWx) | Date | August 28, 2020 |
|---|---|---|---|
| Title | Rogelio Castro v. PPG Industries, Inc., et al. | | |

satisfied his burden under Rules 23(a) and 23(b)(3) for certification of the rest period and wage statement subclasses for which he sought class certification, and the derivative claims subclass to the extent that subclass relies on the rest period and wage statement subclasses. The Court concludes that Plaintiff is an adequate representative for those subclasses and appoints his chosen counsel, Capstone Law APC as Class Counsel. The Parties shall meet and confer concerning the content of class notice, and by no later than September 14, 2020, file a proposed class notice and any necessary complementary documents. If the parties are unable to agree to the content of a class notice, they shall submit their competing versions of the class notice and a brief not to exceed three pages advocating for their respective versions of the class notice by no later than September 14, 2020. The Court denies Plaintiff's Ex Parte Application (Docket No. 35).

IT IS SO ORDERED.