Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Helga Hakimi (SBN 257381)
Helga.Hakimi@capstonelawyers.com
Roxanna Tabatabaeepour (SBN 260187)
Roxanna.Taba@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for *Plaintiff Rogelio Castro*

*continued on the next page*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO CASTRO, individually, and on behalf of other members of the general public similarly situated, Plaintiff,<br><br>vs.<br><br>PPG INDUSTRIES, INC., a Pennsylvania corporation; SIERRACIN/SYLMAR CORPORATION, a California corporation; SIERRACIN CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: 2:20-cv-02110 PA (MRWx)<br><br>Hon. Percy Anderson<br><br>**STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL**<br><br>Trial Date: March 7, 2023 at 9:00 a.m.<br><br>Pretrial Conference:<br>February 17, 2023 at 2:00 p.m.<br><br>Location: Courtroom 9A<br><br>Complaint Filed: January 31, 2020 |

1  Everett Clifton Martin, IV (SBN 227357)
2  cmartin@littler.com
   LITTLER MENDELSON, P.C.
3  633 West Fifth Street, 63rd Floor
   Los Angeles, CA 90071
4  Telephone: (213) 443-4300
   Facsimile: (213) 443-4299
5
6  Robert W. Pritchard, pro hac vice
   rpritchard@littler.com
7  LITTLER MENDELSON, P.C.
   625 Liberty Avenue, 26th Floor
8  Pittsburgh, PA 15222
   Telephone: (412) 201-7628
9
10 Attorneys for *Defendant Sierracin/Sylmar Corp.*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL

Plaintiff ROGELIO CASTRO and Defendant SIERRACIN/SYLMAR CORP. (collectively the "Parties"), by and through their counsel of record, jointly seek: (1) the Court's approval of their Settlement Agreement and the payment described therein resolving Plaintiff's individual claim for relief under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) ("PAGA"); (2) dismissal of Plaintiff's individual claims, with prejudice; and (3) dismissal of Plaintiff's representative PAGA claims on behalf of the State of California and with respect to individuals other than Plaintiff, without prejudice.

1. On January 31, 2020, Plaintiff commenced this lawsuit in the Superior Court for the County of Los Angeles, designated as Case No. 20STCV04118 (the "Action"). On March 4, 2020, Defendant removed the Action to this Court, designated as Case No. 2:20-cv-02110.

2. On about February 12, 2020, Plaintiff filed a notice with the Labor and Workforce Development Agency ("LWDA") under the PAGA, asserting various alleged Labor Code and wage and hour violations (the "PAGA Letter"), a copy of which was also sent to Defendant.

3. On April 27, 2020, Plaintiff filed an Amended Complaint in the Action, adding a PAGA claim predicated on alleged violations of California Labor Code Sections 201, 202, 203, 204, 222.5, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, 6401, and 6403.

4. Since that time, Plaintiff has pursued the PAGA claim on behalf of himself, the State of California, and other current and former employees of Defendant who worked in California.

5. Defendant denies Plaintiff's assertions in the Action, both as to Plaintiff individually and as to claims asserted on behalf of other current and former employees of Defendant who worked in California. Defendant contends that it would be inappropriate for Plaintiff to pursue claims on behalf of other current and former

employees of Defendant, either on a class action basis or as a representative action under PAGA.

6. The Parties reached an amicable resolution of their dispute that resolves all of Plaintiff's individual claims against Defendant on terms that the Parties agree represent a fair, adequate, and reasonable resolution of Plaintiff's claims.

7. The settlement consists of two parts:

   a. First, Plaintiff has elected not to further pursue a representative PAGA claim on behalf of the State of California or any other individual. The Parties entered into a settlement of Plaintiff's PAGA claims on an individual basis only. A true and accurate copy of the settlement of Plaintiff's individual PAGA claim, for which they seek Court approval, is attached as **Exhibit A** (the "PAGA Settlement"). The Parties will also submit the proposed PAGA Settlement to the LWDA in conformance with Labor Code section 2699(*l*). The Parties agree that the PAGA Settlement represents a fair, reasonable, and adequate resolution as to Plaintiff's individual PAGA claim. The Parties therefore jointly request that the Court review and approve the PAGA Settlement by entering the proposed order that accompanies this Stipulation as an Order of Court.

   b. Second, the Parties negotiated a confidential settlement of Plaintiff's individual non-PAGA claims, including a general release of claims and a Civil Code section 1542 waiver, as well as a waiver of Plaintiff's right to appeal the Court's prior decertification order (either on an interlocutory basis or following entry of final judgment). The Parties do not seek the Court's approval with respect to the settlement of Plaintiff's non-PAGA claims.

8. Upon the Court's approval of the PAGA Settlement, and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the parties stipulate to the dismissal, with prejudice, of Plaintiff's individual claims in this Action, including his individual PAGA claim, each party to bear their own fees and costs.

9. In light of the Court's prior decertification order (Dkt. No. 112) and

Plaintiff's decision not to further pursue a class or representative PAGA claim, the parties stipulate and agree that the proposed dismissal is without prejudice as to: (a) any putative member of the previously described "Rest Break Subclass" (other than Plaintiff) with respect to the rest break (and derivative) claims that Plaintiff purported to assert on their behalf; and (b) the right of any other purported aggrieved employee (other than Plaintiff) to pursue a PAGA claim on behalf of the State of California with respect other putative "aggrieved employees" of Defendant (other than Plaintiff).

10. A proposed order is submitted with this Stipulation. The Parties jointly request that the Court enter the proposed order as an Order of Court.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: February 17, 2023            Capstone Law APC

By: /s/ *Melissa Grant*
Melissa Grant
Orlando Villalba
Helga Hakimi
Roxanna Tabatabaeepour
Attorneys for Plaintiff

Dated: February 17, 2023            Litter Mendelson, P.C.

By: /s/ *Robert Pritchard*
Everett Clifton Martin, IV
Robert W. Pritchard, *pro hac vice*
Attorneys for Defendant

I, Melissa Grant, hereby attest that all other signatories listed and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

Dated: February 17, 2023    Capstone Law APC

By: /s/ *Melissa Grant*
Melissa Grant
Attorneys for Plaintiff

# EXHIBIT "A"

# PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT AGREEMENT

This Private Attorneys General Act Settlement Agreement (the "Agreement") is made and entered into by and between Rogelio Castro ("Plaintiff") on the one hand, and Sierracin Corp. ("Defendant" and together with Plaintiff, the "Parties"), on the other hand.

## RECITALS

A.   WHEREAS, Plaintiff worked for Defendant (a subsidiary of Sierracin Corp., which is in turn a subsidiary of PPG Industries, Inc.) from about July 2011 to May 2019;

B.   WHEREAS, on January 31, 2020, Plaintiff filed a lawsuit against Defendant, as well as Sierracin Corp. and PPG Industries, Inc., in the Superior Court for the County of Los Angeles, designated as Case No. 20STCV04118, asserting claims on an individual and class basis including for alleged unpaid overtime, unpaid minimum wages, failure to provide meal periods, failure to authorize and permit rest breaks, non-compliant wage statements and failure to maintain payroll records, wages not timely paid upon termination, failure to timely pay wages during employment, unreimbursed business expenses, unlawful business practices, and unfair business practices (the "Action");

C.   WHEREAS, on about February 12, 2020, Plaintiff filed a notice with the Labor and Workforce Development Agency ("LWDA") under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) ("PAGA") asserting various alleged Labor Code and wage and hour violations, including under California Labor Code Sections 201, 202, 203, 204, 210, 222.5, 226, 226.7, 256, 510, 512, 516, 558, 1174, 1182.12, 1194, 1197, 1197.1, 1198, 2802, 2810.5, 6401, and 6403 (the "PAGA Letter"), a copy of which was also sent to Defendant;

D.   WHEREAS, on March 4, 2020, the Action was removed to the United States District Court for the Central District of California, designated as Case No. 2:20-cv-02110;

E.   WHEREAS, on April 27, 2020, Plaintiff filed an Amended Complaint in the Action, adding a claim under PAGA predicated on alleged violations of California Labor Code Sections 201, 202, 203, 204, 222.5, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, 6401, and 6403. Through the PAGA claim, Plaintiff asserted claims on behalf of himself, the State of California, and current and former employees of Defendant in California;

F.   WHEREAS, on December 8, 2022, the Court granted Defendant's motion to decertify the previously certified rest break subclass in the Action;

G.   WHEREAS, on December 22, 2022, Plaintiff filed a petition for permission to appeal the Court's decertification order to the United States Court of Appeals for the Ninth Circuit, designated at No. 22-80146; Defendant opposed the petition, which remains pending;

H.   WHEREAS, on February 6, 2023, Sierracin Corp. and PPG Industries, Inc. were dismissed from the Action without prejudice and dropped as parties from the Action;

I.   WHEREAS, Defendant denied and continues to deny all of Plaintiff's allegations in the Action and in the PAGA Letter and contends it fully satisfied all obligations to Plaintiff

and other members of the putative class of purportedly aggrieved employees, including with respect to the payment of wages, providing meal periods and rest breaks, providing accurate wage statements, paying wages in a timely manner including at termination, and reimbursing reasonable and necessary business expenses, all to the fullest extent required by applicable law;

J.     WHEREAS, the Parties desire to fully and finally resolve and settle Plaintiff's individual claims against Defendant, including those asserted in the Action and/or the PAGA Letter;

K.     WHEREAS, Plaintiff has elected not to further pursue a representative PAGA claim on behalf of the State of California as to any other individual; and

L.     WHEREAS, this Agreement is limited to Plaintiff's "individual PAGA claim" (as that term is defined in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022)), and it is not binding on individuals other than Plaintiff.

## AGREEMENT

NOW THEREFORE, in consideration of and exchange for the promises, covenants, and releases contained in this Agreement and the other valuable consideration described herein, the sufficiency of which is hereby acknowledged by the Parties, the Parties mutually agree as follows:

1.     <u>Consideration</u>: For and in consideration of the commitments made herein by Plaintiff, Defendant agrees to pay the total sum of Five Hundred Dollars and Zero Cents ($500.00), in full compromise and settlement of Plaintiff's individual PAGA claim. Of that amount: (a) $375.00 (representing 75% of the total amount) will go to the LWDA; and (2) $125.00 (representing 25% of the total amount) will be payable to "Rogelio Castro" and shall represent payment for disputed PAGA penalties corresponding to disputed claims that Plaintiff (and no other employees) experienced Labor Code violations, and for which a form 1099 shall issue. The payments shall be delivered within twenty-one (21) days after the latter of: (a) the Effective Date of this Agreement; and (b) Defendant's counsel's receipt of an executed IRS Form W-9 from Plaintiff. Plaintiff agrees that Defendant's allocation of settlement funds in the manner set forth in this paragraph is fully acceptable. Plaintiff further acknowledges that the foregoing constitutes an accord and satisfaction and a full and complete settlement of Plaintiff's individual PAGA claim. Defendant's payment set forth in this paragraph shall constitute the entire consideration to be provided to Plaintiff for resolution of his individual PAGA claim. Plaintiff agrees not to seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this Agreement.

2.     <u>Stipulation of Settlement and LWDA Notification</u>: Plaintiff will promptly: (a) file the Stipulation of Settlement and Request for Dismissal attached hereto (including a copy of this Agreement) with the Court, requesting that the Court enter the proposed order as an Order of Court; and (b) provide the notifications and submission to the LWDA as contemplated by Labor Code section 2699(*l*) with respect to the resolution of Plaintiff's individual PAGA claim.

3.     <u>Effective Date</u>: The Effective Date of this Agreement is the last date on which all of the following have occurred: (a) the Court approves this Agreement; (b) the Action is dismissed in its entirety and with prejudice (except as noted in the proposed order attached to the Stipulation of Settlement and Request for Dismissal); (c) Plaintiff's petition for permission to appeal (at No. 22-80146) has been withdrawn or denied (or, if the petition is granted before being withdrawn, the

appeal is dismissed pursuant to Rule 42 of the Federal Rules of Appellate Procedure); and (d) Plaintiff provides the notification and submission to LWDA as contemplated by Labor Code section 2699(*l*) with respect to the resolution of Plaintiff's individual PAGA claim.

        4.       <u>Taxes</u>: Plaintiff understands and agrees that he is responsible for payment of any taxes which are required to be paid to the State of California, the United States Government, or any other entity as a result of this settlement. Plaintiff acknowledges and agrees that Plaintiff's counsel and the Releasees have not warranted or represented how the U.S. Internal Revenue Service or other governmental taxing authorities will treat the settlement for tax purposes, and agrees that no further payment of money to Plaintiff from Releasees will be due in the event that the payment or the release of claims embodied in this Agreement, or any portion thereof, is found by a government taxing authority to be, or to result in, additional taxable income to Plaintiff. Plaintiff agrees that, in the event that any federal, state or local agency takes the position that additional taxes should have been withheld from amounts paid pursuant to this Agreement, Plaintiff will be solely responsible for payment of any such alleged tax obligations and will indemnify and hold Releasees harmless from any resulting tax liability, interest, reasonable attorneys' fees, or penalty associated therewith. Plaintiff hereby agrees to indemnify Releasees from any and all manner of liability if any should be imposed on them regarding the payment to Plaintiff under this Agreement specified above, including but not limited to any interest, reasonable attorneys' fees, penalties, and costs related to such payment.

        5.       <u>Individual Release of PAGA Claims:</u> Plaintiff individually and on behalf of himself only freely, knowingly, and voluntarily releases and forever discharges Defendant, as well as Sierracin Corp. and PPG Industries, Inc., and each of the foregoing entities' current and former direct and indirect parents, subsidiaries, affiliated, and related companies and entities, and all of their current and former officers, directors, shareholders, employees, insurers, reinsurers, attorneys, representatives, and agents (collectively and together with Defendant, the "Releasees"), of and from all manner of actions, suits, claims, damages, liabilities, penalties, arbitrations, charges, claims for attorneys' fees, interest, expenses and costs, judgments, awards, orders, executions or demands of any nature whatsoever, whether known or unknown, suspected or unsuspected, against Releasees or any of them, which Plaintiff ever had, now has, or which Plaintiff or Plaintiff's heirs, assigns, executors or administrators hereafter can, shall or may have arising under PAGA, which includes claims brought under PAGA predicated upon California Labor Code Sections 201, 202, 203, 204, 210, 222.5, 226, 226.7, 256, 510, 512, 516, 558, 1174, 1182.12, 1194, 1197, 1197.1, 1198, 2802, 2810.5, 6401, and 6403, and/or any other California Labor Code provisions that could have been asserted under PAGA in connection with the PAGA claims asserted in the Amended Complaint in the Action and/or in the PAGA Letter ("Released Claims"), including but not limited to any claims for penalties, wages, interest and/or attorneys' fees and costs thereon arising from any and all of the Released Claims. All such Released Claims (including, without limitation, claims for related attorneys' fees and costs) are forever barred by this Agreement regardless of the forum in which they may be brought. Nothing in this release shall affect any state or federal government agencies' rights and responsibilities to enforce the California Labor Code or any other applicable law, nor shall anything in this Agreement be construed as a basis for interfering with Plaintiff's protected right to file a timely charge with, or participate in an investigation or proceeding with a state, federal or local government entity; provided, however, if the state, federal or local government entity commences an investigation on Plaintiff's behalf pertaining to the PAGA claims asserted in the Amended Complaint and/or PAGA Letter, Plaintiff specifically waives and releases his right, if any, to recover any monetary or non-monetary benefits of any sort whatsoever arising from any such investigation or otherwise and from any such

administrative charge or complaint filed with any government agency (other than the NLRB).

6.      No Admission: This Agreement represents a compromise and settlement of disputed claims. This Agreement and its terms shall not be construed to be an admission of any liability or obligation by any of the Releasees to Plaintiff or to any other member of any putative class or group of allegedly aggrieved employees. This Agreement cannot be used as evidence, nor can it be referred to or relied upon, in any arbitration, administrative, court, or legal proceeding (other than a proceeding to enforce the terms of this Agreement or as required by a valid court order). Defendant disclaims and denies any liability, obligation, or responsibility to Plaintiff whatsoever, and it further denies liability for the PAGA claims asserted in the PAGA Letter and/or in the Action.

7.      Choice of Law: This Agreement shall be interpreted under the laws of the State of California, both as to interpretation and performance.

8.      Counterparts/Facsimile Signatures: This Agreement may be executed in counterparts, and signatures exchanged by facsimile or other electronic means (e.g., DocuSign, PDF) shall be effective for all purposes hereunder to the same extent as original signatures, all of which when taken together shall constitute the Agreement. Any Party who delivers a facsimile or PDF signature page agrees to later deliver an original signature page to any Party who requests it.

9.      Voluntary and Knowing: This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto. Plaintiff acknowledges that he has been advised to consult (and has consulted) with an attorney of his choosing prior to executing this Agreement. Plaintiff acknowledges that he has had a reasonable time to consider this Agreement before executing it.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth herein:

DATED: 2/16/2023                                 _____
                                                 Rogelio Castro

DATED: _____                        _____
                                                 Sierracin/Sylmar Corp.

                                                 By: _____

                                                 Its: _____

administrative charge or complaint filed with any government agency (other than the NLRB).

6. **No Admission:** This Agreement represents a compromise and settlement of disputed claims. This Agreement and its terms shall not be construed to be an admission of any liability or obligation by any of the Releasees to Plaintiff or to any other member of any putative class or group of allegedly aggrieved employees. This Agreement cannot be used as evidence, nor can it be referred to or relied upon, in any arbitration, administrative, court, or legal proceeding (other than a proceeding to enforce the terms of this Agreement or as required by a valid court order). Defendant disclaims and denies any liability, obligation, or responsibility to Plaintiff whatsoever, and it further denies liability for the PAGA claims asserted in the PAGA Letter and/or in the Action.

7. **Choice of Law:** This Agreement shall be interpreted under the laws of the State of California, both as to interpretation and performance.

8. **Counterparts/Facsimile Signatures:** This Agreement may be executed in counterparts, and signatures exchanged by facsimile or other electronic means (e.g., DocuSign, PDF) shall be effective for all purposes hereunder to the same extent as original signatures, all of which when taken together shall constitute the Agreement. Any Party who delivers a facsimile or PDF signature page agrees to later deliver an original signature page to any Party who requests it.

9. **Voluntary and Knowing:** This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto. Plaintiff acknowledges that he has been advised to consult (and has consulted) with an attorney of his choosing prior to executing this Agreement. Plaintiff acknowledges that he has had a reasonable time to consider this Agreement before executing it.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth herein:

DATED: _____

Rogelio Castro

DATED: February 17, 2023

Sierracin/Sylmar Corp.

By: Daniel G. Korte

Its: President & CEO